UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

Brenda Fredrick, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

Central Florida Investments, Inc., Westgate Resorts, Inc., Westgate Marketing, LLC, and DOES 1-50, inclusive,

    Defendants.

Case No.

**COLLECTIVE ACTION COMPLAINT**

## PRELIMINARY STATEMENT

1. This is a collective action brought by individual and named Plaintiff Brenda Fredrick ("Plaintiff"), on behalf of herself and all others similarly situated, to recover overtime pay from Defendants Central Florida Investments, Inc., Westgate Resorts, Inc., Westgate Marketing, LLC, and Does 1-50 (collectively, "Defendants").

2. Plaintiff's claim is asserted as a collective action under the Fair Labor Standards Act, 29 U.S.C. § 216(b).

3. Plaintiff and the putative "FLSA Collective" work or worked for Defendants as sales representatives at various luxury resort destinations throughout the United States, including in Tennessee, Florida, Nevada, Missouri, Arizona, South Carolina, Utah, Mississippi, and Virginia.

4. Defendants misclassified Plaintiff and others similarly situated as "independent contractors," and denied them the wages and benefits to which they are lawfully entitled.

1

5. Defendants retained direct and indirect control over Plaintiff and the putative FLSA Collective in all aspects of their employment, dictating the manner in which they performed their work.

6. Plaintiff and those similarly situated routinely work more than forty (40) hours in a workweek but are not paid an overtime premium for their overtime hours as a result of Defendants' misclassification.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 to hear this Complaint and to adjudicate these claims because this action is brought under the FLSA.

8. Venue is proper in the United States District Court for the Eastern District of Tennessee pursuant to 28 U.S.C. § 1391 because Plaintiff worked for Defendants in this district and a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

9. Defendant Central Florida Investments, Inc. (hereinafter "CFI") is a Florida corporation with its principal place of business located at 5601 Windhover Drive, Orlando, Florida 32819.

10. Defendant Westgate Resorts, Inc., is a Florida corporation registered to do business in the state of Tennessee with its principal place of business located at 5601 Windhover Drive, Orlando, Florida 32819.

11. Defendant Westgate Marketing, LLC is a Florida limited liability company with its principal place of business located at 5601 Windhover Drive, Orlando, Florida 32819.

12. Upon information and belief, CFI, Westgate Resorts, Inc. and Westgate Marketing, LLC are all related entities. CFI is the parent company of, and conducts business through its subsidiaries Westgate Resorts, Inc. and Westgate Marketing, LLC.

13. Defendants operate resorts in multiple states around the country, including a resort in Gatlinburg, Tennessee.

14. Among other things, Defendants are engaged in the business of developing and selling fractional or interval real estate units or timeshares throughout the United States.

15. Upon information and belief, Defendants are the largest privately-owned timeshare company in the world.

16. Defendants operate in interstate commerce by, among other things, operating resorts and offering timeshares in the following States: Florida, Nevada, Missouri, Tennessee, Arizona, South Carolina, Utah, Mississippi, and Virginia.

17. Upon information and belief, Defendants' gross annual sales made, or business done has been in excess of $500,000.00 at all relevant times.

18. Defendants Does 1-50, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiff. When their true names and capacities are ascertained, Plaintiff will amend this Complaint by inserting their true names and capacities herein. Plaintiff is informed and believes and thereon allege that each of the fictitiously-named defendant is responsible in some manner for the occurrences herein alleged, and that the damages of Plaintiff and the putative collective class members herein alleged were proximately caused by such defendant.

19. Plaintiff Brenda Fredrick is an adult resident of Pigeon Forge, Sevier, Tennessee.

3

20. Plaintiff Frederick worked as a sales rep for Defendants at its Smoky Mountain Resort & Spa in Gatlinburg, Tennessee from February 2018 to April 2018.

21. Defendants classified Plaintiff as an independent contractor, but treated her as an employee throughout her employment with Defendants.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

22. At all times relevant herein, Defendants operated a willful scheme to deprive Plaintiff and others similarly situated of overtime compensation by misclassifying them independent contractors.

23. Plaintiff and the similarly situated individuals work or worked as a Dayline Sales Representative, Sales Representative – Dayline, IC Sales Rep In House, IC Sales Rep Dayline, Sales Rep Travel Club, or In-House Guest Service Rep, or in similar job titles (hereinafter collectively "sales reps") any time within the past three years. Despite these and similar titles, Plaintiff and the putative FLSA Collective worked in entry-level, low skill jobs.

24. Defendants directly hire sales reps whose primary job duty is to sell fractional or interval real estate units or timeshares at its various resort destinations throughout the United States.

25. Defendants require sales reps to participate in sales presentations on Defendants' premises and provide tours of the resort to prospective customers with the goal of selling timeshare units. Sales reps may also "up-sell" existing customers.

26. Defendants classified Plaintiff and others similarly situated as independent contractors even though it directly and indirectly controlled the manner in which they performed their work.

4

27. Defendants required Plaintiff and the other sales reps to sign a non-competition agreement.

28. Defendants required Plaintiff and other sales reps to complete an extensive mandatory training course provided by Defendants.

29. Defendants required Plaintiff and other sales reps to agree to abide by their "Rules and Regulations" as outlined in a document titled "Westgate Expectations." According to Defendants, "[f]ailure to adhere to all rules and /or regulations will result in disciplinary action up to and including termination."

30. These Rules and Regulations set forth rules relating to the mandatory training course Plaintiff and the other sales reps were required to attend as well the rules they were required to follow once they completed training.

31. For example, in order to complete the mandatory training course, Plaintiff and other sales reps were required to "pass all exams with a score of 80% or better."

32. After completing the training course, Defendants provide sales reps with a Certificate of Completion.

33. Defendants require sales reps to repeat the training course if after training, they fail to make any sales.

34. Defendants required Plaintiff and other sales reps to wear Westgate nametags at all times while working for Defendants.

35. Defendants set the schedules and dictate sales reps' work hours.

36. For example, Plaintiff and the other similarly situated sales reps are expected to report to the property and punch in by 8:15 a.m. and to attend morning meetings. Plaintiff and the other sales reps are subject to discipline if they do not punch in on time.

5

37. At the end of the workday, Plaintiff and the other sales reps are expected to work until they are excused by their supervisors. Indeed, if a prospective buyer walked in later in the day, Plaintiff and the other sales reps were not allowed to leave until the tour or sales transaction was complete.

38. Defendants also regulated when Plaintiff and other sales reps could take time off, requiring them to obtain approval for time off for vacation.

39. Defendants dictate the sales methods that Plaintiff and the other sales reps may use to make a sale.

40. Defendants provide a sales script that sales agent must follow to make a sale.

41. Defendants make all decisions regarding advertising, equipment, and other office supplies and provides all sales and marketing materials that Plaintiff and the proposed class members could use to sell the timeshare units.

42. In making a sales pitch to prospective buyers, Plaintiff and the other sales reps had no authority to negotiate the price of the timeshare units.

43. Plaintiff and the similarly situated sales reps are or were paid a daily draw against commissions on a weekly basis, with no additional overtime pay for the overtime hours they worked.

44. Plaintiff and the other similarly situated individuals are or were treated as independent contractors rather than employees and therefore denied overtime pay under the FLSA.

45. Defendants suffered and permitted Plaintiff and the other similarly situated individuals to work more than forty (40) hours per week without overtime pay.

46. For example, during the workweek ending April 13, 2018, Plaintiff estimates that she worked approximately 50 hours and did not receive overtime pay for her overtime hours.

47. Defendants routinely required Plaintiff and others similarly situated to work long hours in excess of forty hours per week to complete all their job responsibilities.

48. Defendants have been aware, or should have been aware, that Plaintiff and the other similarly situated individuals were misclassified as independent contractors and should have been paid overtime. For example, Plaintiff complained about Defendants forcing her to work six days a week. Further, among other things, Defendants are a sophisticated company that does substantial business around the country and has access to counsel.

49. Additionally, the FLSA has been in effect for decades, allowing more than ample time for Defendants to come into compliance.

50. Further, Defendants hold sales reps out as their own and knowingly impose rules and requirements on them that exceed that typical of contracting relationships.

51. Defendants did not make, keep, or preserve adequate or accurate records of the hours worked by Plaintiff and the other similarly situated individuals.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

52. Plaintiff restates and incorporates by reference the above paragraphs as if fully set forth herein.

53. Plaintiff files this action on behalf of herself and all other similarly situated individuals. The putative FLSA Collective is defined as follows:

> All persons who worked as Dayline Sales Representative, Sales Representative-Dayline, IC Sales Rep In House, IC Sales Rep Dayline, Sales Rep Travel Club, or In-House Guest Service Rep, who worked for Defendants and were treated as an independent contractor at any time since three years prior to the filing of this Complaint.

54. Plaintiff has consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b). Plaintiff's signed consent form is attached hereto as Exhibit A. In addition, to date, other

sales reps have consented in writing to be a part of this action. Their consent forms are attached as Exhibit B.

55. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

56. During the applicable statutory period, Plaintiff and the other similarly situated individuals routinely worked in excess of forty (40) hours in a workweek without receiving overtime compensation for their overtime hours worked.

57. Defendants willfully engaged in a pattern of violating the FLSA, as described in this Complaint in ways including, but not limited to, requiring Plaintiff and the other similarly situated individuals to work excessive hours and failing to pay them overtime compensation.

58. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the entire putative FLSA Collective. Accordingly, notice should be sent to the putative FLSA Collective. There are numerous similarly-situated current and former sales reps who have worked for Defendants and have suffered from its practice of misclassifying and denying sales reps overtime pay who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join. Those similarly-situated employees are known to Defendants, and are readily identifiable through its records.

## CAUSES OF ACTION
## COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT
### FAILURE TO PAY OVERTIME
**(On Behalf of Plaintiff and the Putative FLSA Collective)**

59. Plaintiff restates and incorporates by reference the above paragraphs as if fully set forth herein.

60. At all relevant times, Defendants are, and have been, "employers" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the

FLSA, 29 U.S.C. § 203(d). At all relevant times, Plaintiff and others similar situated were "employees" within the meaning of the FLSA.

61. The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

62. Defendants suffered and permitted Plaintiff and the other similarly situated individuals to routinely work more than forty (40) hours in a workweek without overtime compensation.

63. Defendants' actions, policies, and practices described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and the other similarly situated individuals their required overtime compensation.

64. As the direct and proximate result of Defendants' unlawful conduct, Plaintiff and the others similarly situated individuals have suffered and will continue to suffer a loss of income and other damages. Plaintiff and the other similarly situated individuals are entitled to liquidated damages and attorney's fees and costs incurred in connection with this claim.

65. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and the other similarly situated individuals, Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq*.

66. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Defendants knew or showed reckless disregard for the fact that its compensation practices were in violation of these laws.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and the putative FLSA Collective, prays for judgment against Defendants as follows:

A. Designation of this action as a collective action on behalf of Plaintiff and those similarly situated, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly-situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms;

B. A finding that Plaintiff and the putative FLSA Collective are non-exempt employees entitled to protection under the FLSA;

C. A finding that Defendants violated the overtime provisions of the FLSA;

D. Judgment against Defendants in the amount of Plaintiff's and the putative FLSA Collective's unpaid back wages at the applicable overtime rates;

E. An award of all damages, liquidated damages, pre-judgment interest and post-judgment interest;

F. An award of attorneys' fees and costs incurred in prosecuting this action;

G. Leave to add additional plaintiffs and/or state law claims by motion, the filing of written consent forms, or any other method approved by the Court; and

H. For such other and further relief, in the law or equity, as this Court may deem appropriate and just.

DATED: October 23, 2019   **THE BURKHALTER LAW FIRM, P.C.**

s/ D. Alexander Burkhalter, III
David A. Burkhalter, II, BPR #004771
D. Alexander Burkhalter, III, BPR #033642
Zachary J. Burkhalter, BPR #035956
P.O. Box 2777
Knoxville, TN 37901
Telephone: (865) 524-4974
Facsimile: (865) 524-0172

www.burkhalterlaw.com

Rachhana T. Srey, MN Bar # 340133*
Caroline E. Bressman, MN Bar # 0400013*
**NICHOLS KASTER, PLLP**
4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Facsimile: (612) 338-4878
srey@nka.com
cbressman@nka.com

Bryce W. Ashby, TN Bar # 26179*
**DONATI LAW, PLLC**
1545 Union Avenue
Memphis, TN 38104
Phone: 901-278-1004
Fax: 901-278-3111
bryce@donatilaw.com

* *Pro hac vice forthcoming*

**Attorneys for Plaintiff and the Putative FLSA Collective**