UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| BRENDA FREDRICK, individual and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 3:19-CV-418-CEA-HBG |
| CENTRAL FLORIDA INVESTMENTS, INC., et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiffs' Motion to Compel Defendants' Billing Records [Doc. 99]. Defendants have responded in opposition [Doc. 106] to the Motion, and Plaintiffs have replied [Doc. 107]. The Motion is ripe for adjudication. Accordingly, for the reasons explained below, the Court finds Plaintiffs' Motion [**Doc. 99**] not well taken, and it is **DENIED**.

### I.  POSITIONS OF THE PARTIES

By way of background, the parties have agreed to settle the underlying Fair Labor Standard Act ("FLSA") claim. The parties, however, cannot agree to the amount of Plaintiffs' attorney's fees. Plaintiffs filed a motion for attorney's fees and costs [Doc. 90], which Defendants have responded in opposition [Doc. 98]. Prior to Plaintiffs filing a reply, however, they filed the instant Motion, requesting that the Court compel Defendants to produce their counsels' billing records within seven (7) days.

For grounds, Plaintiffs state that Defendants have opposed their counsels' hourly billing rates and time but refuse to provide any insight into defense counsels' hourly rates and time.

Plaintiffs state that courts within the Sixth Circuit have explained that an opposing attorney's rates and time provide a logical yardstick in assessing the moving party's fee petition. Thus, Plaintiffs assert that opposing counsels' rates and time are relevant. Plaintiffs argue that because Defendants dispute Plaintiffs' counsels' hourly rates and the reasonableness of the hours expended, such makes defense counsels' billing records discoverable. Plaintiffs state that any argument related to the differences in each party's counsels' billing records goes to the weight of the evidence, not its discoverability. Plaintiffs also argue that defense counsels' billing records are not protected by the attorney-client privilege or the work-product doctrine.

Defendants oppose [Doc. 106] the Motion, stating that it is Plaintiffs' burden to show that Plaintiffs' counsels' fees are reasonable. Defendants state that the starting point for assessing attorney's fees is the lodestar approach. Defendants state that their billing records are not relevant or necessary to determine Plaintiffs' fee request. Defendants acknowledge that the Sixth Circuit has not opined on whether an opposing counsel's attorney's fees are relevant, but they rely on *Almanza v. Barr*, No. 3:15-CV-389-TAV-HBG, 2019 WL 2062505 (E.D. Tenn. May 5, 2019), wherein the undersigned concluded that they were not. Defendants acknowledge that courts are split on this issue, but they maintain that their counsels' billing entries are not relevant. Defendants assert that many of their counsels' billing entries are protected by the attorney-client privilege and the work-product doctrine, which would require defense counsel to spend time reviewing and redacting such records.[1]

---

[1] In their Response, Defendants state, "This Court should note that Defendants' counsel offered to provide an affidavit containing Defendants' counsel's hourly rates for the years 2019, 2020, and 2021, in order to resolve this Motion, but Plaintiffs rejected this offer." [Doc. 1-6 at 16].

Plaintiffs filed a Reply [Doc. 107], maintaining that Defendants' attacks on the reasonableness of Plaintiffs' counsels' fees warrant compelling their billing records. Plaintiffs state that in *Almanza,* the court analyzed whether defendant's objections made defense counsels' billing records relevant. Plaintiffs argue that, here, Defendants' objections warrant disclosure of their counsels' billing rates and time. Finally, Plaintiffs assert that Defendants will not suffer an undue burden in providing such discovery.

## II. ANALYSIS

Accordingly, the Court has reviewed the filings as summarized above, and the Court finds Plaintiffs' Motion [**Doc. 99**] not well taken, and it is **DENIED**.

As outlined above, Plaintiffs state that Defendants' counsels' hourly rates and billing records are relevant in determining the reasonableness of Plaintiffs' fee petition. The Court disagrees. In *Almanza*, the undersigned noted as follows, "The Western District of Tennessee previously observed that '[t]hree circuits have expressly recognized that the determination [of reasonableness] is within the discretion of the trial court and that it is not an abuse of discretion to refuse discovery of information regarding fees and expenses of opposing counsel.'" *Almanza*, 2019 WL 2062505, at *2 (quoting *Davis v. Fid. Techs. Corp.*, 180 F.R.D. 329, 331 (W.D. Tenn. 1998)). The undersigned declined to compel defense counsel's billing entries in *Almanza,* finding that they were not relevant to defendant's objections to plaintiff's fee petition. *Id.* at *4.

Similarly, the Court finds defense counsels' billing entries are not relevant in assessing whether Plaintiffs' fee request is reasonable. As Plaintiffs have briefed in their motion for attorney's fees, in order to determine the reasonableness of an attorney's fees request, courts often employ the "lodestar method," which is "the proven number of hours reasonably expended on the case by the attorney, multiplied by a reasonable hourly rate." *Isabel v. City of Memphis*, 404 F.3d

3

404, 415 (6th Cir. 2005). The reasonableness of the hours and the rate is determined by considering twelve factors:

> (1) time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time and limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in "similar cases."

*Id.* at 415-16. Thus, the above factors, not Defendants' counsels' billing records, are relevant in determining the reasonableness of Plaintiffs' requested fees.

Further, with respect to hourly rates, "The Court has vast experience on the rates that are typically applied in the Eastern District of Tennessee and can utilize the evidence that has already been submitted in this case, along with its experience, to determine reasonable hourly rates." *Almanza*, 2019 WL 2062505, at *3. In addition, with respect to the number of hours billed, "The amount of hours that is needed by one side to prepare adequately may differ substantially from that for opposing counsel." *Id.* at *4 (quoting *Hawkins v. Ctr. for Spinal Surgery*, No. 3:12-CV-01125, 2017 WL 6389679, at *1 (M.D. Tenn. June 21, 2017)) (other quotations omitted).

Finally, as the undersigned noted in *Almanza*, "[T]he Supreme Court has cautioned that the determination of a reasonable attorney's fee 'should not result in a second major litigation.'" *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). Compelling production of a defense counsel's billing records to determine the reasonableness of a plaintiff's fee request is not in accordance with the Supreme Court's admonition. Accordingly, Plaintiffs' request is not well taken.

### III. CONCLUSION

Accordingly, for the reasons stated above, the Court **DENIES** Plaintiffs' Motion to Compel Defendants' Billing Records [**Doc. 99**]. Plaintiffs **SHALL** file their reply brief in support of their motion for attorney's fees on or before **February 1, 2022.**

**IT IS SO ORDERED.**

ENTER:

*Bruce Guyton*
United States Magistrate Judge